**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ENVIRONMENTAL OPERATIONS, INC., et al.**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 4:24-cv-00144-HEA** |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO LIFT STAY, RESET DISCOVERY DEADLINES, AND PROCEED WITH LITIGATION**

The United States regretfully reports that the parties were unable to agree on the terms of a consent decree to resolve this case, despite believing they had reached a settlement in principle during Alternative Dispute Resolution in April 2025. Though the United States devoted significant efforts to resolving this matter by settlement, those efforts have failed, as they sometimes do. Because the parties were unable to finalize a settlement and the violations of the Clean Water Act the United States asserts in its Complaint remain unresolved, the Court should lift the stay to allow this case to proceed. The United States therefore respectfully requests that the Court lift the stay, hold a status conference to reset discovery deadlines, and place this matter on the docket for trial so that the United States may ensure that the Defendants' longstanding and continuing violations of the Clean Water Act are addressed.

**BACKGROUND**

This matter has been stayed since May 5, 2025, when the Court issued an order requiring the parties to submit a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a

proposed consent judgment within forty-five days based on its notification that the parties had reached a settlement during Alternative Dispute Resolution (ADR). *See* ECF No. 38; Dkt. Text Order re: ECF No. 40 (6/20/2025); Dkt. Text Order re: ECF No. 44 (11/4/2025); Dkt. Text Order re: ECF No. 47 (12/23/2025); Dkt. Text Order re: ECF No. 50 (4/13/2026); ECF No. 54. The current stay expires on Sept. 22, 2026, by which date the Court has ordered the parties to file one of the above or face dismissal of the case. ECF No. 54. The Court's order was based, in part, on both parties' representations in response to the Court's Show Cause Order (ECF No. 51) that they each believed they were close to finalizing a consent decree. *Id.* at 2.

Since the parties filed their separate responses to the Court's June 10, 2026 Show Cause Order, the United States has worked diligently to resolve the parties' remaining differences. *See* ECF Nos. 51 (Order); 52 (United States' Response); 53 (Defendants' Response). On June 10, 2026, the United States made additional revisions responsive to Defendants' comments on their last draft of the proposed consent decree and provided an updated draft. In the cover email transmitting the proposed Consent Decree, the United States requested the Defendants advise if the parties were in agreement on the terms by June 19, 2026 and provide signatures by June 30, 2026. The Defendants did not respond to the June 10, 2026 draft until July 15, 2026.

Since receipt of Defendants' July 15, 2026 draft, the efforts to resolve Defendants' last remaining issues have included direct discussions between officials within the Environment and Natural Resources Division (ENRD) of the Department of Justice and counsel for Defendants. On July 24, 2026, having addressed those final issues to the best of its ability, the United States transmitted a final proposed consent decree and asked Defendants to provide either their signatures or a clear rejection not later than August 7, 2026. The United States then agreed to an

extension of that deadline through August 14, 2026, due to a scheduling conflict asserted by counsel for Defendants.

On August 12, 2026, counsel for Defendants informed the United States that Defendants had retained new, additional counsel. After a further direct conversation on August 13 between ENRD leadership and new counsel for Defendants, the United States extended its deadline for signature or rejection to August 20, 2026. After a final direct meeting between ENRD leadership and Defendants' counsel, the United States extended the deadline to August 28, 2026. That date has now passed, and Defendants have declined to sign the proposed consent decree, bringing this extended period of negotiations to an unfortunate end and necessitating trial on the merits.

## ARGUMENT

### I. The United States has diligently prosecuted this case through both litigation and settlement activities.

Prior to ADR, the United States pursued this case vigorously. To facilitate discovery, it served timely initial disclosures and negotiated, filed, and obtained a joint order and stipulation to govern discovery (ECF No. 31) as well as a joint protective order governing confidential or proprietary discovery material (ECF No. 32). Before ADR, the United States had served three rounds of written discovery, to which Defendants had partially responded. See ECF No. 40 at ¶ 3. Had the parties failed to reach an agreement in principle at ADR, the United States had every intention of continuing those vigorous efforts to prosecute its case.

However, the United States (like the Defendants and the Court) believed that the parties had reached an agreement in principle at ADR. Consistent with that belief, the United States worked hard to negotiate and finalize a consent decree with Defendants. As the parties reported to the Court in each filing seeking a further stay of this matter, they were working diligently, and believed they were making progress, toward such a consent decree. *See* ECF Nos. 40, 43, 47, 49,

52, 53. In their separate filings following the Court's June 10, 2026 Show Cause Order, the parties represented their mutual belief that Consent Decree negotiations were nearing completion. *See* ECF No. 52 ("[T]he United States . . . believes the parties are close to final agreement on the language of the consent decree); ECF No. 53 at ¶ 9.a (Identifying only "four substantive issues" which, "since the last Joint Motion was filed on April 10, 2026, Defendants have worked in good faith to resolve . . . ."). And Defendants further represented that they "intend[ed] to continue good-faith discussions with Plaintiff to finalize the consent decree . . . ." ECF No. 53 at ¶ 11. The United States stands ready to submit settlement correspondence between the parties if it will assist the Court in deciding this Motion. *See* Fed. R. Ev. 408(b).

Especially against this backdrop, the United States' efforts to resolve this case via ADR, followed by extensive efforts to finalize with Defendants the agreement in principle it believed (like the Court) had been reached, should not be seen as a failure to prosecute its claims. On the contrary, the contemplated settlement included a civil penalty and appropriate injunctive relief to remedy the alleged violations and ensure compliance in the future, which is the same relief (though of different magnitude as a result of compromise) that the United States would seek at trial. And until August 28, 2026, the United States had been actively negotiating with the Defendants with the expectation that a settlement would be reached. Thus, the effort to settle the claims in this case *was* diligent prosecution of those claims. *See*, *e.g.*, *Arkansas Wildlife Fed'n v. ICI Americas, Inc.*, 29 F.3d 376, 380-81 (8th Cir. 1994) (noting, in context of deciding whether a Clean Water Act citizen suit is barred by the "diligent prosecution" of a federal or state agency of the same claims, that "it would be unreasonable and inappropriate to find failure to diligently prosecute simply because [the defendant] prevailed in some fashion or because a compromise was reached"); *see also GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195

(7th Cir. 1993) (reversing dismissal for failure to prosecute based on 22-month settlement negotiation, even without the parties having notified District Court, as not indicating a lack of prosecutorial intent).

Even if the United States' extensive settlement efforts could somehow be construed as a failure to prosecute its claims, "dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.* 751 F.2d 261, 263 (8th Cir. 1984). Indeed, "[t]he norm of judicial practice should be to dispose of cases on their merits, and dismissals on procedural grounds are justified only in exceptional circumstances." *Farmers Plant Food, Inc. v. Fisher*, 746 F.2d 451 (8th Cir. 1984). No such exceptional circumstances exist here, and the Court should allow the case to proceed to trial on the merits in the ordinary course given that the parties have failed to resolve it on their own.

Moreover, dismissal under these circumstances would unfairly reward the Defendants for the breakdown of settlement negotiations. A Rule 41(b) dismissal is intended as a sanction for willful disobedience or persistent failure to prosecute by plaintiffs, *Givens*, 751 F.2d at 263, not as a reward for defendants who decline for whatever reason to finalize an agreement in principle reached at ADR. A ruling dismissing this case would disincentivize defendants from consummating agreements reached in principle after ADR, since a refusal to agree to ultimate compromise terms would result in dismissal of the case entirely. That is not in anyone's interest, least of all the Court's.

**II. The Court should reset discovery deadlines and docket the case for trial.**

The United States recognizes and appreciates the Court's forbearance in giving the Parties additional time after its May 5, 2025, order to attempt to finalize a settlement. And

obviously the United States would prefer that the time and resources invested in attempting to achieve that goal were not, as they appear to have been, wasted. However, all efforts to resolve this case amicably have failed, and the result should be trial on the merits rather than dismissal.

The Court referred this matter for ADR, with an initial end date of March 3, 2025 that the Court later extended to May 9, 2025. *See* ECF Nos. 26 and 36. The ADR referral concluded on April 25, 2025, *see* ECF No. 37, and the Court stayed the matter on May 5, *see* ECF No. 38. At that time, the remaining deadlines as set out in the Case Management Order, ECF No. 25, were as follows:

| Item and ECF 25 Paragraph | Deadline | Number of Days after May 5, 2025 |
|---|---|---|
| 3.b: Disclose expert witnesses and provide expert reports | May 23, 2025 | 18 |
| 3.b: Complete expert witness depositions | June 20, 2025 | 46 |
| 3.f: Complete all discovery | August 1, 2025 | 88 |
| 5: File any motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings; opposition briefs; reply briefs | September 22, 2025 (motions)<br>October 20, 2025 (oppositions)<br>November 3, 2025 (replies) | 140<br>168<br>182 |
| 6: File any *Daubert* motions | November 3, 2025 | 182 |

The United States notes that, at the time the stay was granted, Defendants had not responded to several outstanding discovery requests, which the parties held in abeyance by agreement during settlement negotiations. The United States respectfully requests that the Court set a status conference to reset the deadlines above, including setting a deadline for Defendants to respond to existing requests, and to reset the trial date given that the original trial date of February 23, 2026, has passed.

**CONCLUSION**

The United States stands by the allegations in its Complaint and, consistent with its statutory authority under the Clean Water Act, respectfully requests that the Court now permit this case to be tried on its merits.

Respectfully submitted,

Dated: August 31, 2026

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Myles E. Flint II*
MYLES E. FLINT II
MN Bar No. 0244041
Senior Attorney
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 532-3377
Email: Myles.Flint@usdoj.gov

OF COUNSEL:

KASEY BARTON
Assistant Regional Counsel
EPA Region 7
11201 Renner Boulevard
Lenexa, KS 66219
(913) 551-7874
Barton.Kasey@epa.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Myles E. Flint II*