**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**ENVIRONMENTAL OPERATIONS INC., et al.**<br><br>***Defendants*.** | **No. 4:24-cv-00144** |

**DECLARATION OF KEVIN POLONCARZ**

I, Kevin Poloncarz, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at Covington & Burling LLP and counsel to Defendants in this above-captioned case. I have personal knowledge of the events described below and could competently testify to them if necessary.

2. I make this declaration in support of Defendants' Opposition to the Government's Motion to Lift the Stay and Cross Motion for Dismissal with Prejudice.

3. I attended the mediation held in this matter that occurred on March 28 and April 9, 2025.

4. On April 9, 2025, Robert Olian, the mediator in this matter, emailed the parties a draft Term Sheet summarizing what the parties agreed to at the mediation. A true and correct copy of Mr. Olian's e-mail is annexed hereto as Exhibit A. A true and correct copy of the Term Sheet, which was an attachment to that e-mail, is annexed hereto as Exhibit B.

5. The April 9 draft Term Sheet accurately reflects what I understood the parties had agreed to at mediation. Among other things, as the first item appearing after the civil penalty,

the April 9 Term Sheet accurately reflected my understanding that the parties agreed that Environmental Operations, Inc. should be removed from the litigation and not be a party to any consent decree.

6. I understand that the United States continues to dispute that the April 9 draft Term Sheet accurately reflected the agreement the Parties had reached. Nevertheless, the government also expressed its willingness to consider adopting terms consistent with the April 9 Term Sheet following additional discussion and exchange of information, and the parties believed they would ultimately be able to resolve the dispute.

7. On June 16, 2025, the Government provided Defendants with a draft consent decree. That draft did not reflect the agreement Defendants believed had been reached at mediation, and Defendants were not willing to finalize the draft as written.

8. On August 13, 2025, Defendants provided comments on the draft consent decree back to the Government. The government would not agree to a Consent Decree reflecting those terms.

9. On August 4, 2026, Defendants offered to engage in a "page turn" of the most recent draft of the consent decree, so that Defendants could explain their reasoning as to their proposed edits. The Government declined Defendants' offer.

10. A true and correct copy of a July 21, 2026 e-mail sent to me from Justin Heminger at the U.S. Department of Justice is attached hereto as Exhibit D. Included as part of that correspondence are communications previously made to the Department of Justice by Maddie Green, Chief of Staff to the Missouri Attorney General.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 14, 2026

Kevin Poloncarz