# Exhibit C

**From:** Heminger, Justin (ENRD) <[redacted]>
**Sent:** Tuesday, July 21, 2026 8:23 AM
**To:** Poloncarz, Kevin
**Cc:** Flint, Myles (ENRD); Akers, Susan (ENRD); Albert, Eric (ENRD); Duncheon, Timothy
**Subject:** Fw: Missouri AGO inquiry - Case 4:24-cv-00144-HEA United States of America v. Environmental Operations, Inc. et al

**[EXTERNAL]**
Hi Kevin,

I'm sharing this for your awareness.

Best regards,
Justin

---

**From:** Adams, John (OASG)
**Sent:** Monday, July 20, 2026 8:21:35 PM
**To:** Green, Maddie
**Cc:** Schaefer, Kurt ; Heminger, Justin (ENRD)
**Subject:** RE: Missouri AGO inquiry - Case 4:24-cv-00144-HEA United States of America v. Environmental Operations, Inc. et al

Hi Maddie,

Over the past year, the Justice Department has discussed with the former Missouri AG's Office and the White House why we believe this matter should be resolved by the United States. We would of course welcome Missouri joining our federal settlement, even at this late stage.

We are making best efforts to reach a reasonable settlement with the company without proceeding with the pending federal litigation, and we're very close to a final deal. It appears to us that the company may be misinterpreting the court's most recent order to suggest that if it drags out negotiations, the case may be dismissed. But if the company is unwilling to agree to a settlement very soon, the United States is prepared to ask the court to lift the stay so that it can litigate its claims to final judgment. We don't think that would be the best result for either the company or the United States because we have a fair settlement that is within reach. Finally, we hope that Missouri will support the United States' efforts to resolve this important environmental cleanup matter.

John

John K. Adams
Deputy Associate Attorney General
U.S. Department of Justice
[redacted]

---

**From:** Green, Maddie
**Sent:** Thursday, July 16, 2026 1:41 PM
**To:** Adams, John (OASG)
**Cc:** Schaefer, Kurt
**Subject:** [EXTERNAL] Re: Missouri AGO inquiry - Case 4:24-cv-00144-HEA United States of America v. Environmental Operations, Inc. et al

Hi John,
Just checking in on DOJ's current posture and anticipated next steps in this case. The Missouri AGO and DNR remain interested in the matter being returned to the State and/or dismissed.
Since our last correspondence, the court issued a show cause order directing that, absent a stipulation for dismissal, a motion or request for leave to dismiss, or a proposed consent judgment filed by September 22, 2026, the case will be dismissed with prejudice.
Kurt and I are happy to hop on a brief call if that would be helpful.
Best,
Maddie
Maddie Green | Chief of Staff
Missouri Attorney General's Office
207 West High St
Jefferson City, MO 65101
[redacted]

On Jun 12, 2026, at 2:09 PM, Green, Maddie <[redacted]> wrote:
Hi John,
Thanks for your patience. We welcomed a new baby last week so I am slowly catching up on a few projects.
Attached is the complaint.
<2024.01.26 [1] Complaint.pdf>
Maddie Green | Chief of Staff
Missouri Attorney General's Office
207 West High St
Jefferson City, MO 65101
[redacted]

On Jun 1, 2026, at 7:23 PM, Adams, John (OASG) <[redacted]> wrote:
Hi Maddie, can you send me the complaint? Did DOJ sue or is this an administrative matter with EPA?
Get Outlook for iOS

---

**From:** Green, Maddie <[redacted]>
**Sent:** Friday, May 29, 2026 1:23:39 PM
**To:** Adams, John (OASG) <[redacted]>
**Cc:** Schaefer, Kurt <[redacted]>
**Subject:** [EXTERNAL] Missouri AGO inquiry - Case 4:24-cv-00144-HEA United States of America v. Environmental Operations, Inc. et al
Hi John,
Great to see you in Louisiana last month. I'm reaching out on behalf of a Missouri company, U.S. Strategic Metals. Copied here is Director Kurt Schaefer of the Missouri Department of Natural Resources ("MDNR").

Bottom line up front: U.S. Strategic Metals is requesting Region 7 US EPA dismiss the above matter and return it to the state of Missouri. MDNR and the Missouri Attorney General have repeatedly asked for the matter to be returned to the State and I understand Region 7 concurs that this is the appropriate action. For additional context, below is my understanding of the matter, but Director Schaefer can correct if I misspeak.

The allegations in the complaint all involve water permits issued by the State of Missouri and enforced by the State since 2019. In 2021, MDNR initiated an administrative enforcement action to address spills, stormwater issues, and to set a compliance period for addressing groundwater seeps to Outfalls. The parties were cooperating in resolving the matter. In early 2025, Missouri asked DOJ to return the matter to the State of Missouri. Instead, DOJ filed a lawsuit.

It seems the biggest disconnect between the state and federal understanding of the facts is whether Missouri Mining Investment ("MMI") did what it promised EPA and the state they would do in 2018 when MMI took title as an innocent purchaser of a notorious Superfund Site. MMI has spent approximately $14 million to remediate the disastrous surface conditions. MMI's initial promise did not include groundwater that naturally seeps from the Site. The Clean Water Act ("CWA") Program from EPA was not involved when the deal was struck to postpone work on groundwater. The reason groundwater was not included in the first phase of work was twofold: 1) it was difficult to budget as no work had been done on permits, appropriate cleanup standards, water collection, and treatment technologies; and 2) in 2019, MMI's tenant, Missouri Cobalt ("MOCO"), projected it would be dewatering the mine within four years making treatment of mine drainage moot. Both the Federal Superfund Program and the State NPDES Program were involved in the Early Removal Consent Order, which outlined the first wave of corrective action for the site. The NPDES Permit issued in 2024 by MDNR states that dewatering the mine and treating the water is the best available technology for the groundwater seeps and imposes a deadline of June 30, 2026, to have this technology implemented. MMI and MOCO are ahead of schedule in this regard.

The CWA program at EPA created a narrative in 2023 that MMI/MOCO ignored groundwater, and imposed a significant penalty. However, the federal and state regulators involved in the initial cleanup agreed that groundwater would not be in the initial phase of work. NPDES permits from that era did not require corrective action beyond the work required by the Early Removal Consent Order.

We would respectfully request the federal government dismiss the matter to allow the state of Missouri to enforce its permit consistent with the facts.

Thanks so much for your consideration of this matter. Please reach out to me or Director Schaefer if you have any questions.

Best,

Maddie

Maddie Green | Chief of Staff
Missouri Attorney General's Office
207 West High St

Jefferson City, MO 65101
[redacted]

This email message, including the attachments, is from the Missouri Attorney General's Office. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including that covered by § 32.057, RSMo. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.